

# The Attorney General of Texas

September 24, 1980

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable John J. Kavanagh, M.D.
Commissioner
Texas Department of Mental
  Health & Mental Retardation
P. O. Box 12668, Capitol Station
Austin, Texas 78711

Opinion No. MW-248

Re: Means by which the Department of Mental Health and Mental Retardation can obtain consent for dental treatment of patients or residents

Dear Mr. Kavanagh:

Your question concerns article 3174b-2, V.T.C.S., which provides, in pertinent part:

> The Board of Texas State Hospitals and Special Schools. . . shall provide or perform recognized medical treatment or services to persons admitted or committed to its care. Where the consent of any person or guardian is considered necessary, and is requested, and such person or guardian shall fail to immediately reply thereto, the performance or provision for the treatment or services shall be ordered by the superintendent upon the advice and consent of three (3) medical doctors, at least one of whom must principally be engaged in the private practice of medicine. Where there is no guardian or responsible relative to whom request can be made, treatment and operation shall be performed on the advice and consent of three (3) physicians licensed by the State Board of Medical Examiners.

Acts 1955, 54th Leg., ch. 54, §1, at 86. The Board of Texas State Hospitals and Special Schools was abolished in 1965 and replaced by the Texas Department of Mental Health and Mental Retardation. Acts 1965, 59th Leg., ch. 67, §§1, 2, at 165. You ask whether article 3174b-2 authorizes a superintendent of a Department of Mental Health and Mental Retardation facility to order dental treatment and services for persons committed thereto upon the advice and consent of three dentists.

In instances where consent to treatment or services is considered necessary but no guardian or responsible relative of the person committed to

the facility exists, article 3174b-2 provides that treatment shall be performed only upon the advice and consent of three physicians "licensed by the State Board of Medical Examiners." Dentists are not licensed by the State Board of Medical Examiners, article 4504a, V.T.C.S., but instead are licensed by the State Board of Dental Examiners. Article 4543, et seq., V.T.C.S. Accordingly, we conclude that dentists may not provide the necessary consent to treatment when no guardian or responsible relative of the person committed to the facility exists.

When the consent of the person committed to the facility or his guardian has been requested, but no immediate response is forthcoming, article 3174b-2 provides that treatment shall be ordered only with the consent of three "medical doctors, at least one of whom must principally be engaged in the private practice of medicine." The question is whether the legislature, by specifying "medical doctor" in this instance and "physician licensed by the State Board of Medical Examiners" elsewhere, intended to distinguish between the two. In other words, may a dentist, although not licensed by the Board of Medical Examiners, nevertheless qualify as a "medical doctor" and thereby be eligible to provide consent to treatment or services in this instance? We think not. Although a plausible argument can be made that the use of different terminology indicates that "medical doctor" should be interpreted more broadly than "physician licensed by the State Board of Medical Examiners," we do not think a court would hold that the term is broad enough to include dentists, at least for purposes of article 3174b-2. Physicians and dentists are governed by different agencies and regulated by different statutes, and we think this evidences a clear intention to distinguish between them. Moreover, we can see no reason why dentists should be eligible to provide consent in this instance when they clearly may not provide consent when no guardian or responsible relative exists. Thus, we conclude that dentists are not "medical doctors" within the meaning of article 3174b-2, and that they may not consent to dental treatment under the circumstances described above.

This does not mean that article 3174b-2 renders superintendents powerless to provide necessary dental treatment to patients and residents of their facilities when consent to treatment has not or cannot be obtained. To construe article 3174b-2 in such a manner as to prevent treatment from being administered because there is, effectively, no one to provide consent would be, in our judgment, to reach an unduly harsh result. Article 3174b-2 directs the Department of Mental Health and Mental Retardation to "provide or perform recognized medical treatment or services to persons admitted or committed to its care," and we think medical treatment necessarily embraces dental care. See, e.g., Little v. Little, 576 S.W. 2d 493 (Tex. Civ. App. - San Antonio 1979, no writ). When dental services are deemed necessary, therefore, it is our opinion that the superintendent may provide such care with the consent of three physicians licensed by the State Board of Medical Examiners, so long as the other provisions of article 3174b-2 are met, even though the services themselves would be performed by dentists.

S U M M A R Y

Article 3174b-2, V.T.C.S., prohibits dentists from consenting to dental treatment of persons under the care of a Department

of Mental Health and Mental Retardation facility.   Dentists may provide dental treatment or services, however, provided consent is obtained from three physicians licensed by the State Board of Medical Examiners and all other conditions of article 3174b-2 are satisfied.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan Garrison, Acting Chairman
Jon Bible
Rick Gilpin
Barbara Marquardt